

FILED

'06 AUG 17 PM 2:04

... DISTRICT COURT
CLEVELAND

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br><br><br>AUTONATION,d/b/a MULLINAX FORD NORTH CANTON<br><br>Defendant. | CIVIL ACTION NO.<br><br>**5:06CV1972**<br><br>COMPLAINT AND<br>JURY TRIAL DEMAND<br><br>**JUDGE ADAMS**<br><br>MAG. JUDGE GALLAS |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. §2000e, et seq), ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race, Black, and retaliation for having engaged in activity protected by Title VII, and to provide appropriate relief to Avery Williams and similarly situated individuals who were adversely affected by such practices.

1

From at least November of 2004 until July 9, 2005, when he was constructively discharged, Avery

Williams was harassed and subjected to different terms and conditions of employment because of

his race, Black, and in retaliation for his having complained of this illegal treatment, as explained

more fully in Paragraphs 7 and 8, herein below.

## JURISDICTION AND VENUE

1.       Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and

1345.  This action is authorized and instituted pursuant to Section 706(f) (1) and (3) of Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII"), and

pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.       The employment practices alleged to be unlawful were committed within the jurisdiction of

the United States District Court for the Northern District of Ohio, Eastern Division.

## PARTIES

3.       Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the

Agency of the United States of America charged with the administration, interpretation and

enforcement of Title VII and is expressly authorized to bring this action by Section 706(f) (1) and

(3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.       At all relevant times, Defendant Employer, AutoNation Corporation USA d/b/a Mullinax

Ford North Canton, has continuously been a Florida corporation doing business in the State of Ohio

and City of North Canton, and has continuously had at least 15 employees.

5.       At all relevant times, Defendant Employer has continuously been an employer engaged in

an industry affecting commerce within the meaning of Section 701 (b), (g) and (h) of Title VII, 42

2

U.S.C. § 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to institution of this lawsuit, Avery Williams filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least November of 2004, Defendant Employer has engaged in unlawful employment practices at its North Canton, Ohio, facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2 (a)(1). The alleged unlawful practices include, but are not limited to:

   a) Defendant Employer hired Avery Williams in May of 2004 as a Used Car Salesperson.

   b) Following his hire, Mr. Williams was subjected to race based verbal and physical harassment by his managers.

   c) In or about March of 2005, Mr. Williams was grabbed by the collar and dragged through the dealership by a manager and berated in front of co-workers and customers.

   d) Mr. Williams was told by a manager that if he "bleached his skin like Michael Jackson" he could sell more cars.

   e) Managers at Defendant's facility frequently made derogatory comments about African American customers.

   f) The racially hostile environment had an effect on other employees as well.

   g) Managers placed a monkey around the neck of an African American employee during a sales meeting. No other employee had a monkey placed around his/her neck.

   h) Racially offensive epithets were used by managers during company staff meetings.

8.      Since at least May of 2005, Defendant has engaged in unlawful retaliation in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3. The unlawful practices include, but are not limited

3

to the following:

a) After Mr. Williams filed a charge of discrimination in May of 2005, he was subjected to a pattern of severe and pervasive retaliation. The retaliation consisted of, among other things, being treated differently than white salespersons with respect to the assignment of customers, the handling of sales and commissions and being unfairly disciplined.

b) The harassment was so severe that it had the effect of interfering with his employment income and made his working conditions intolerable, leading to Mr. Williams' constructive discharge from employment with Defendant.

9. The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Avery Williams and similarly situated employees of equal employment opportunities and otherwise adversely affect their status as employees due to impermissible considerations of race, and due to Mr. Williams' participation in activities protected by Title VII.

10. The unlawful practices complained of above were intentional.

11. The unlawful employment practices complained of above were undertaken with malice and/or reckless indifference to the federally protected rights of Avery Williams and a class of aggrieved individuals.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating against individuals by the implementation of practices and policies which discriminate on the basis of race, Black and in retaliation for having engaged in activities protected by Title VII.

B. Order Defendant Employer to institute and carry out policies, practices and programs

4

which provide equal employment opportunities for Black employees and persons who have availed themselves of Title VII protected activities and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to institute and carry out a complaint procedure which encourages employees to come forward with complaints regarding violations of Title VII and/or of its policies against discrimination. harassment and retaliation.

D.  Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with Title VII and/or Defendant's policies on non-discrimination and anti-retaliation; and requiring all managers and supervisors to report any incidents and/or complaints of harassment or ethnic intimidation and/or retaliation of which they become aware to the person or department at Defendant charged with handling such complaints.

E.  Order Defendant Employer to make whole Avery Williams and any aggrieved individuals by providing appropriate backpay and frontpay as appropriate with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F.  Order Defendant Employer to make whole Avery Williams and any aggrieved individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 8 above, including but not limited to out of pocket losses.

G.  Order Defendant Employer to make whole Avery Williams and any aggrieved individuals by providing compensation for non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 through 8, above, including emotional pain, suffering, loss of

enjoyment of life and humiliation, in amounts to be proven at trial.

H.    Order Defendant Employer to pay Avery Williams and any aggrieved individuals

punitive damages for its malicious and reckless conduct described in paragraphs 7 through 8, above,

in  amounts to be determined at trial.

I.  Grant such further relief as the Court deems necessary and proper in the public interest.

J.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL CO UNSEL
Washington, D.C.

JACQUELINE MCNAIR
Regional Attorney
Philadelphia District Office
Philadelphia, PA 19106

C. LARRY WATSON
Associate Regional Attorney
Registration No. 0031443
larry.watson@eeoc.gov

6

DONNA WILLIAMS-ALEXANDER
Senior Trial Attorney
Registration No. 0037838

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Cleveland Field Office
Anthony J. Celebrezze Office Building
1240 East Ninth Street     Suite 3001
Cleveland, Ohio  44199
(216) 522-7454
(216) 522-7430 fax
donna.williams-alexander@eeoc.gov

7